JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} On November 10, 2003 Appellant filed a complaint under R.C.2151.85 and Sup.R. 23 for authorization from the Juvenile Division of the Court of Common Pleas to terminate her pregnancy without the notification of her parent, guardian or custodian. In her complaint, appellant asserted the following grounds for relief: that she was sufficiently mature and well enough informed to intelligently decide whether to have an abortion without the notification of her parent, guardian or custodian; and notification of her parent, guardian or custodian of her desire to have an abortion was not in her best interest. See R.C. 2151.85(A)(4).
 {¶ 2} The Juvenile Court held a hearing on November 14, 2003. On November 17, 2003 the trial court found that appellant failed to establish by clear and convincing evidence that she was well informed of her options, and that notification of her parent, guardian or custodian of her desire to have an abortion is not in her best interest. On that same day, appellant filed her notice of appeal. On November 19, 2003, the clerk of this court placed the appeal on this court's docket, and a hearing was held on November
 {¶ 3} 21, 2003. See R.C. 2505.073 and Sup.R. 25. We affirm the decision of the juvenile court.
 {¶ 4} In her appeal, appellant asserted three assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT APPELLANT'S COMPLAINT FOR AN ORDER AUTHORIZING HER TO CONSENT TO AN ABORTION WITHOUT THE NOTIFICATION OF HER PARENT, GUARDIAN OR CUSTODIAN AS PROVIDED BY R.C. 2151.85. *Page 3 
 II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT WHERE THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AND WHERE THE TRIAL COURT DISREGARDED THE TESTIMONY OF THE COURT'S INDEPENDENT EVALUATOR.
 III. THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT IN THIS CASE AND USED AN INAPPROPRIATE DEFINITION OF "SUFFICIENT MATURITY."
 {¶ 5} At the hearing, appellant testified that she is a senior in high school, takes advance placement classes, and currently maintains a 4.6 grade point average. She is involved in many extra-curricular activities, including tutoring and various church programs. Appellant wishes to attend Temple University and study law. Appellant also testified that she works between fifteen and twenty hours per week and saves this money for college expenses.
 {¶ 6} The record indicates that after appellant discovered she was pregnant, she contacted Planned Parenthood to confirm the results of the home pregnancy test. While at Planned Parenthood, appellant testified that she met with one woman for approximately five to ten minutes, and a second woman for approximately twenty minutes. According to appellant, Planned Parenthood informed her of her options and told her things she already knew. Appellant also testified that after meeting with Planned Parenthood, she went to the Free Clinic and spoke with them for one-half hour about the medical procedure and her options. When asked by the court if she was informed of other alternatives to abortion, appellant testified that she was not informed about services available for teens in this *Page 4 
situation, and that Planned Parenthood did not go into depth about the adoption procedure.
 {¶ 7} Appellant also testified that she currently lives with her mother and does not maintain any relationship with her father. Appellant testified that if her mother was informed about her pregnancy, appellant would be forced to leave her mother's home. Appellant stated that her mother previously said that if she became pregnant, appellant would be forced to leave the household permanently. Appellant also testified on an earlier occasion, she was kicked out of her mother's house for a few days but was allowed to return home.
 {¶ 8} Appellant testified that her mother yells and screams when she gets mad, and has, "put her hands on her." Although appellant did not explain what this meant or how many times this occurred, appellant did state that it did not rise to the level of abuse. Appellant further testified that she is unaware whether her mother is opposed to abortion, and that her mother was aware that she was using birth control.
 {¶ 9} A representative of the Juvenile Court Diagnostic Clinic interviewed appellant and testified that appellant is well informed about the procedure and appears to be sufficiently mature and well enough informed. The representative also testified that, in appellant's opinion, not notifying her mother about this procedure was in her best interest.
 {¶ 10} Our standard of review in this matter is well settled: "Absent an abuse of discretion by the juvenile court, the dismissal of a complaint brought by an unemancipated minor seeking authorization to have an abortion pursuant to R.C. 2151.85 shall not be disturbed."In Re Jane Doe 1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 118, syllabus. The term abuse of discretion connotes more than an error of law or of judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. In re Jane Doe, supra; *Page 5 State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144; See alsoBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 11} In this matter, the trial court found that appellant received very limited information on the alternatives to abortion, and that most of the information she did receive was related to having an abortion. Based upon appellant's testimony that she received little information about alternatives to abortion, we cannot conclude that the lower court abused its discretion by finding that appellant failed to establish by clear and convincing evidence that she was well informed of her options.
 {¶ 12} The juvenile court also found that the appellant presented no credible evidence that her mother was opposed to abortion or that her mother would harm her. Again, in light of the controlling standard of appellate review, we cannot conclude that the court abused its discretion in finding that the appellant failed to establish by clear and convincing evidence that notification of her parent, guardian or custodian was not in her best interest.
 {¶ 13} In assignment of error two and three, appellant argues that the decision was against the manifest weight of the evidence, and that the juvenile court erred by ruling that appellant failed to prove the allegations by clear and convincing evidence. However, the Supreme Court of Ohio has directed that our review in these types of cases be limited to whether the lower court abused its discretion. In re Jane Doe 1,supra. Accordingly, pursuant to the standard set forth by the Supreme Court of Ohio, we do not reach the merits of assignment of error two or three.
Judgment Affirmed.
he court finds that there were reasonable grounds for this appeal. *Page 6 
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Common Pleas Court to carry out this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate procedure.
If appellant believes that this opinion may disclose her identity, appellant has a right to appear and argue at a hearing before this court. Appellant may perfect this right to a hearing by filing a motion for a hearing within fourteen days of the date of this opinion.
The clerk is instructed that this opinion is not to be made available for release until: (1) twenty-one days have passed since the date of the opinion and appellant has not filed a motion, or (2) if appellant has filed a motion, this court has ruled on the motion.
 KENNETH A. ROCCO ADMINISTRATIVE JUDGE
 ANNE L. KILBANE JUDGE
 SEAN C. GALLAGHER JUDGE *Page 1